GETZ v. NEVADA IRR. DIST.

No. 9303.

Circuit Court of Appeals, Ninth Circuit.

June 3, 1940.

W. Coburn Cook, of Turlock, Cal., for appellant.

C. F. Metteer, of Sacramento, Cal., and George Herrington, of San Francisco, Cal. (Orrick, Dahlquist, Neff & Herrington, of San Francisco, Cal., of counsel), for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant, a citizen of Michigan, sued appellee, an irrigation district organized under the law of California, to recover on interest coupons detached from the District's refunding bonds. The recovery sought was of interest computed at the rate of 4%. The District pleaded as an affirmative defense that the interest rate had been reduced to 3% in line with a provision of the refunding plan under which the bonds were issued, and that appellant was limited to the recovery of interest at the reduced rate. Upon motion of the District for summary judgment, the trial court adjudged that appellant take nothing by the action. Hence this appeal.

In the opinions of the California Supreme Court in Mulcahy v. Baldwin, 216 Cal. 517, 15 P.2d 738, and Livingston v. Robinson, 10 Cal.2d 730, 76 P.2d 1192, 1197, the financial troubles of the District and the facts immediately pertinent are related in detail. Suffice it to say here that the refunding bonds from which the interest coupons in suit were detached were issued under a plan which provided for the modification of its terms and conditions in certain contingencies, subject to the approval of the California Bond Certification Commission and the holders of 75% in principal amount of the refunding bonds.

Each of the bonds stated on its face that it was issued under the refunding plan and was subject to the terms and conditions of that plan, to all of the provisions of which the owner of a refunding bond "by his acceptance hereof assents". Subsequent to the issuance of the refunding bonds, the District submitted to the bondholders a proposed modification reducing the rate of interest from 4% to 3%.[1] The Commission approved the modification, and at a special election held for that purpose a majority of the electors of the District did likewise. The proposal was accepted by 90% of the holders of the refunding bonds.

In Livingston v. Robinson, supra, in a mandamus proceeding by non-consenting bondholder to compel payment by the District of interest coupons at the rate of 4%, the Supreme Court of the state held that the modification, having been prepared in accordance with the terms of the refunding plan, and having received the approval of the electors, the Securities Commission,[2] and of more than the required 75% of the holders of the refunding bonds, is "valid, legal, and effective". In that suit the holder of certain interest coupons intervened, claiming that he was not bound by the provision for modification contained in the refunding plan and incorporated in the bonds. The contention was rejected.

Virtually the same issues disposed of in the Livingston case are sought again to be litigated here. The District asserts that

---

[1] The modified plan provided also for contingent interest in an additional amount of 2½%.

[2] Successor to the California Bond Certification Commission.

the judgment in that case, it being a class suit, is res judicata, notwithstanding appellant was not a party to it. We need not consider the point since, in any event, insofar as it declares the state law, Livingston v. Robinson is controlling. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ Appellant argues that there is a federal question involved. He says that in Livingston v. Robinson the court overruled its prior decision in Mulcahy v. Baldwin, supra, in that the latter case held that the obligation of the District to pay interest at the rate of 4% was "absolute and unconditional"—hence, appellant argues, that the obligation was not subject to modification. He claims that the bondholder, from whom he acquired the interest coupons, surrendered his original bonds and received refunding bonds in reliance upon the decision in Mulcahy v. Baldwin. It is contended that if the decision in Livingston v. Robinson be applied an unconstitutional impairment of the obligation of a contract will result, within the rule announced in Gelpcke v. Dubuque, 1 Wall. 175, 17 L.Ed. 520.

However, the California court did not consider its later decision as inconsistent with the holding of Mulcahy v. Baldwin. Nor do we. While the liability of the District to pay interest at the rate of 4% was absolute and unconditional, in contrast with the accompanying provision for the payment of contingent interest, nevertheless, as the court pointed out, the obligation was subject to modification with the consent of the state Securities Commission and the holders of 75% or more of the bonds. Compare In re Georgian Hotel Corporation, 7 Cir., 82 F.2d 917, 919; In re Dominion of Canada Freehold Estate and Timber Co., Ltd., 1886, High Ct.Ch.Div. 55 L.T.,N.S., 347; British Amer. Nickel Corp. Ltd. v. O'Brien, [1927] A.C. 369, 371; Continental Ins. Co. v. Louisiana Oil Refining Corp., 5 Cir., 89 F.2d 333. The principle applied in Gelpcke v. Dubuque, supra, is irrelevant.

■ Appellant insists that he is a holder in due course, and that the coupons upon which he sues contain no language suggesting that the obligation to pay 4% interest is subject to modification. We believe the point was inferentially disposed of adversely to appellant in Livingston v. Robinson, supra. However, we will consider it.

The interest coupons are not negotiable instruments, and appellant stands in no better position than the holder of the bonds from which his coupons were detached. The coupons provide that on a named date "unless the bond hereinafter mentioned shall have been called for previous redemption and payment duly provided for", the District will pay the bearer the named sum of $20. This does not amount to an unconditional promise to pay, within the meaning of the negotiable instruments law, California Civil Code § 3082. The promise is to pay interest only if the bond has not been retired.[3] The fact that the condition did not occur, and the promise thus became absolute, cannot render negotiable an instrument which was non-negotiable at its inception. It is elementary that negotiability may not be made to depend upon extrinsic circumstances.

■ Moreover, the provision relative to fixed interest does not reflect the complete interest contract. The coupon contains also a provision relating to contingent interest, expressly reciting that the holder assents to all the provisions of the refunding plan. While appellant disclaims any right to contingent interest, the provision constitutes, legally and physically, an integral part of his contract.

In its pleading the District prayed for judgment "that Plaintiff is entitled, upon the endorsement upon each of the bonds referred to in the complaint of the respective endorsements set forth in the Modification of 1937 and upon the presentation and surrender to Defendant of the interest coupons referred to in the complaint, to receive the sum of $15 for each coupon". Appellant appears to be entitled to judgment in that sum.

The case is remanded with leave to appellant to move for judgment in the admitted sum upon his compliance with the requisite conditions. In all other respects the judgment is affirmed. Costs are awarded to respondent.

---

3 Unlike the District's original issues, the refunding bonds were not serial bonds, and they were subject to call on any interest payment date prior to maturity.